IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE CRAWFORD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-1263-JDT |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER GRANTING MOTION FOR ATTORNEY FEES
UNDER 42 U.S.C. § 406(b)

On April 16, 2013, pursuant to sentence four of 42 U.S.C. § 405(g), the Court reversed the Commissioner's decision that Plaintiff Wayne Crawford was not disabled and remanded the case for additional administrative proceedings. (ECF No. 14.) The Court subsequently granted Plaintiff an attorney fee in the amount of $4,195.64 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).[1] (ECF No. 20.) Following an award of benefits from the Social Security Administration (SSA), Plaintiff filed a motion for attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 21.) The Commissioner has filed a response asserting that the requested fee is unreasonable (ECF No.

---

[1] Plaintiff states that almost half of the EAJA fee was withheld for payment of a debt he owed to the United States in the amount of $2,046.00. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that EAJA fees belong to the litigant rather than to the attorney and may be offset to satisfy the litigant's pre-existing debt to the Government). Thus, counsel received only $2,149.64 of the EAJA fee awarded by the Court.

22), and Plaintiff subsequently filed a reply in support of the fee petition (ECF No. 25).

Under § 406(b), in social security disability cases attorney fees may not exceed 25% of the past-due benefits to which a claimant is entitled. The SSA generally withholds 25% of past-due benefits for the potential payment of those fees. In this case, Plaintiff and his attorney, John D. Hamilton, entered into a contingent-fee agreement at the beginning of the representation in which it was specifically agreed that counsel would receive the 25% fee. (ECF No. 21-2.) Plaintiff's award letter indicates that the SSA has withheld the sum of $26,713.75 from the past-due benefits for the payment of fees. (ECF No. 21-1.) Plaintiff asks the Court to award $24,546.11 of that amount to counsel for 22.7 hours of work before the Court ($26,713.75 less $2,149.64, the portion of the EAJA fee already paid to counsel).[2]

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court rejected the use of the "lodestar" method of awarding attorney fees under the Social Security Act, holding that contingent-fee agreements should be honored by the courts as long as the resulting fee is reasonable and there are no other factors warranting a reduction. *Id.* at 808. There is a rebuttable presumption that the agreement is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Courts should consider "'the character of the representation and the results of the representation achieved," whether "the attorney is responsible for delay," the amount of time expended on the case, and whether approving the fee would result in a windfall to the attorney. *Gisbrecht*, 535 U.S. at 808.

---

[2] Because the entire amount withheld is being requested for work done before this Court, it is presumed that counsel has not sought any fees for work done at the administrative level.

*Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *3 (W.D. Tenn. Mar. 14, 2006).

An award is not unreasonable simply because it yields an above-average hourly rate. In *Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981 (6th Cir. 1990), the Court stated:

> It is not at all unusual for contingent fees to translate into large hourly rates . . . . In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 982. In *Hayes v. Sec'y of Health and Human Servs.*, 923 F. 2d 418, 422 (6th Cir. 1990), the Sixth Circuit explained that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate . . . is less than twice the standard rate for such work in the relevant market." *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014). Furthermore, "[a] true 'windfall' in this context . . . must mean more than that the attorney happened to end up working substantially fewer hours to obtain the contingent-fee than he would have been required to expend to earn the same fee based on an hourly rate." *Whitehead*, 2006 WL 681168, at *4.

In this case, the hypothetical hourly rate of $1,176.82 is very large, more than four times the rate on which the EAJA fee was based. The Commissioner asserts, based solely on the size of that hypothetical rate, that the requested award is unreasonable. However, the *Hayes* formula of "twice the standard rate" is a floor rather than a ceiling, and the Court finds

that the requested fee would not result in a windfall in this case. Plaintiff's attorney is an experienced social security practitioner who has achieved excellent results for his client which included over $100,000.00 in past-due benefits. It does not appear that those benefits accumulated due to any delay on the part of counsel or that the representation was in any way substandard.

The Court concludes that the fee requested in this case is reasonable. Therefore, pursuant to 42 U.S.C. § 406(b), the motion for attorney fees is GRANTED in the amount of $24,564.11, to be paid to Plaintiff's counsel.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE